### OBED ROBINSON *vs.* CYRUS K. ROBINSON.

A bond made by a grantee of real estate to his grantor, in consideration of the conveyance, and conditioned to support his grantor for life, and, in case of neglect, to reconvey the land, does not constitute a mortgage; but, in case of neglect so to support, may be enforced in equity by decreeing a reconveyance.

ACTION OF CONTRACT, praying relief in equity. Writ dated January 28th 1856.

Robinson v. Robinson.

The declaration alleged that the plaintiff on the 15th of June 1854, in consideration (as expressed in the deed) of a contract made by and between him and his son the defendant, for the support of the plaintiff and his wife during their lives, (for a full description of which reference was made to a bond of the same date,) conveyed to the defendant in fee his house, farm and other lands in Wrentham and Attleborough; that at the same time the defendant executed a bond to the plaintiff " to discharge all his right, title and interest into " said farm and lands conveyed to him, " and if the said Cyrus Robinson shall neglect to perform the conditions of this bond, as shall be hereafter specified, he shall then give a good and sufficient deed of said farm and lots and buildings to the said Obed Robinson. Conditions: That Cyrus K. Robinson aforesaid shall support the said Obed Robinson and Abigail Robinson, wife of said Obed Robinson, during their natural lives; they shall be well clothed, and shall have good and wholesome victuals, and all they shall require for their support and sustenance; and they are to have a horse and carriage, whenever they shall require the same for their use. The said Cyrus K. Robinson shall have all the farming tools, horse, cattle, wagons. The furniture is to be to the use of the said Cyrus, so long as the said Obed and Abigail Robinson shall live; then it is to go to their heirs. The said Cyrus is to pay all taxes on real and personal property." The declaration averred that the defendant entered into possession of the lands under the deed, but had neglected to perform the conditions of the bond; and prayed for a decree for a reconveyance of the farm and lands, and for other relief in equity.

The answer admitted the execution of the deed from the plaintiff to the defendant, and of the bond from the defendant to the plaintiff, and submitted their construction to the court; and denied any breach of the conditions of the bond.

At the hearing before *Bigelow*, J., a jury found that the defendant " did neglect to perform the condition of the bond set out in the writ and declaration, as the conditions are specified in the said bond; " and it appeared that the plaintiff had tendered to the defendant for execution and delivery to the plaintiff

a deed of quitclaim of the premises, but the defendant refused to execute and deliver it.

The plaintiff moved for judgment on the verdict, and a decree that the defendant should reconvey the premises to the plaintiff. The judge reserved for the consideration of the whole court the question whether the plaintiff was entitled to such reconveyance, and, if so, the form in which it should be made.

*E. Ames*, for the plaintiff.

*E. H. Bennett*, for the defendant. Were not this deed and bond a mortgage, giving the plaintiff, in case of a breach, a remedy at law, but not entitling him to a reconveyance in equity? Rev. Sts. *c.* 107, §§ 6, 23, 34. *Lanfair* v. *Lanfair*, 18 Pick. 299. *Hoyt* v. *Bradley*, 27 Maine, 242. Or if the transaction is not in law a mortgage, is it not so much in the nature of one, that the defendant ought in equity to have such rights as he would have under a mortgage, namely, a conditional judgment, as in *Wilder* v. *Whittemore*, 15 Mass. 262, and *Fiske* v. *Fiske*, 20 Pick. 499. In *Austin* v. *Austin*, 9 Verm. 420, a bill to foreclose a mortgage, given to support another, a decree was entered for compensation for past maintenance and for payment for future support.

BY THE COURT. The deed and bond set out in the declaration, and admitted by the answer, did not constitute a mortgage. There was no conveyance from the supposed mortgagor to the supposed mortgagee of any interest in the land. It is not as if the defendant, after receiving the plaintiff's deed, had made a conveyance back to the plaintiff, taking a bond for a reconveyance on the performance of certain conditions. In that case there would be a conveyance from the defendant to the plaintiff, which by reason of the bond of defeasance might be deemed conditional, and a mortgage. But in the case at bar the deed was made to, not by, the person by whom the conditions were to be performed.

The defendant's stipulation for the support of the plaintiff and his wife was not a limitation of his estate; nor a condition, according to the technical meaning of that word in conveyances

of real estate, a breach of which would give the plaintiff a right of reëntry; but simply a covenant, which may be specifically enforced in equity. 4 Kent Com. (6th ed.) 7 134–136. *Wheeler* v. *Dascomb*, 3 Cush. 285. *Doe* v. *Phillips*, 2 Bing. 18.

A decree may be entered that the defendant, within fifteen days, execute, acknowledge and deliver to the plaintiff a deed of release and quitclaim in common form, with covenants of warranty against all persons claiming by, through or under the defendant, of all the lands described in the deed of the plaintiff to him, dated June 15th 1854, and deliver up the possession of said lands to the plaintiff, so that the plaintiff may be revested and repossessed thereof as of his former estate; and that in case of the neglect of the defendant within said fifteen days to execute, acknowledge and deliver such a deed and deliver up possession as aforesaid, and upon affidavit of the plaintiff or his counsel to such neglect, filed with the clerk of this court, then at any time after the expiration of said fifteen days, and within a year from the entry of this decree, the clerk issue a writ of *habere facias*, with a copy of the decree annexed, to the plaintiff against the defendant, for said lands, in order that upon the plaintiff's being restored to the possession thereof under and by virtue of said writ, and due return and registration of said writ and return in the registry of deeds, the plaintiff may be revested of and in said lands as of his former estate and as he was seised and possessed thereof before the execution of his deed to the plaintiff; and that the plaintiff have his costs of the defendant, and his execution therefor in common form.

*Decree accordingly.*